# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URBANO SERQUINA, <br><br> Plaintiff, <br><br> v. <br><br> THE RAYMOND CORPORATION and DOES 1 through 20 <br><br> Defendants. | 1:08-cv-01741 AWI-GSA <br><br> SCHEDULING ORDER (Fed. R. Civ. P. 16) <br><br> Discovery Deadlines: <br> Non-Expert: Oct. 30, 2009 <br> Expert Disclosures : <br>     Plaintiff : Nov. 13, 2009 <br>     Defendant. : Nov. 27, 2009 <br> Suppl. Expert Disclosures : Dec. 18, 2009 <br> Expert Discovery : Jan. 22, 2010 <br><br> Motion Deadlines: <br>     Non-Dispositive: Feb. 12, 2010 <br>     Dispositive: March 5, 2010 <br><br> Settlement Conference: <br>     None Scheduled <br><br> Pre-Trial Conference: <br>     April 22, 2010 at 8:30 a.m. <br>     Courtroom 2 (AWI), 8th Floor <br><br> Trial: June 8, 2010 at 8:30 a.m. <br>     Courtroom 2 (AWI), 8th Floor <br>     Two Weeks <br>     Jury Trial |

///

///

1

**I.       Date of Scheduling Conference**

January 13, 2009

**II.      Appearances of Counsel**

Mio Quatraro specially appearing for Edward Chatoian appeared personally on behalf of Plaintiff Urbano Serquina ("Plaintiff").

Michael Ball appeared personally on behalf of Defendant The Raymond Corporation ("Defendant").

**III.     The Pleadings**

**A.      Summary of the Pleadings**

*1.      Plaintiff's Contentions:*

Plaintiff alleges that Defendant negligently designed, manufactured, distributed, built, inspected, and sold a Raymond R40-C400M High Lift, Stand-Up Rider Forklift and/or its component parts (hereinafter "the Product"), which failed.  Plaintiff contends that this failure included, but was not necessarily limited to, a failure of the hand and foot controls, controlling movement and stopping of the Product.  Plaintiff further alleges that such failure occurred while an employee of Leprino Foods was operating the Product on September 18, 2006 at Leprino Foods, located at 351 N. Bellehaven Drive in Lemoore, California.  Plaintiff contends that the failure of the Product, operated by Plaintiff's coworker, resulted in an industrial accident in which Plaintiff sustained serious and permanent personal injuries, emotional distress, loss of income, loss of future income and a loss of earning capacity.  Plaintiff additionally contends that the Product contained a defect and that the Defendant breached certain implied and express warranties, both written and oral, with respect to the Product.  Plaintiff further contends that the defect in the Product and/or in its component parts resulted in a failure of the Product.  Plaintiff lastly contends that the Product's failure was a substantial factor in causing Plaintiff's alleged harm.

///

2

  *2.*  *Defendant's Contentions:*

  Defendant disputes Plaintiff's contentions in their entirety and denies that it was negligent in any respect. Defendant additionally denies that any acts or omissions on its parts were substantial factors in causing Plaintiff's alleged harm. Defendant denies that the Product and/or any of its component parts were defective in design or in any other aspect, including the hand and foot controls, controlling movement and stopping of the Product. At this present time, Defendant does not have sufficient facts, has not performed sufficient investigation and inspection, and has not conducted sufficient discovery concerning the cause of Plaintiff's industrial accident to offer definitive contentions as to how the accident occurred.

  Defendant contends, however, that the acts and/or omissions of Plaintiff and of his co-worker, who was operating the Product at the time of the September 18, 2006 accident, were substantial factors in causing Plaintiff's alleged harm. At the present time, Defendant does not have sufficient facts, has not performed sufficient investigation and inspection, and has not conducted sufficient discovery concerning the circumstances surrounding the industrial accident to offer definitive contentions as to whether the acts or omissions of any other persons or entities, including, but not limited to, Plaintiff's employer, Leprino Foods, were substantial factors in causing and/or contributing to the harm alleged by Plaintiff. Defendant reserves the right to make such contentions should additional investigation, inspection and discovery reveal facts upon which to base such contentions.

  *3.*  *Proposed Amendments to the Pleadings*

  At this time, the parties do not anticipate any amendments to the pleadings. Any amendments to the pleadings shall be filed no later than **February 13, 2009.**

**IV.**  **Factual Summary**

A.  *Uncontested Facts:*

1.  At approximately 10:00 p.m. on September 18, 2006, an industrial accident occurred at Leprino Foods, located at 351 N. Bellehaven Drive in Lemoore, Fresno

3

County, California.

2. Plaintiff, a Leprino Foods employee, received personal injuries in the industrial accident.

3. Plaintiff is a citizen of the State of California.

4. The Raymond Corporation is not a citizen of the State of California.

5. The Raymond Corporation is a New York corporation with its principal place of business in the State of New York.

6. The industrial accident at Leprino Foods occurred in the State of California, County of Kings.

7. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

B.   *Contested Facts:*

At the present time due to the absence of investigation, inspection and discovery in this case, Defendant lacks sufficient knowledge and information to offer definitive contentions as to which of the facts asserted by Plaintiff are contested by Defendant.  For this reason, other than those facts stated in the section above, Defendant disputes all facts asserted by Plaintiff, including, but not necessarily limited to, the following:

1. That the cause of the industrial accident on September 18, 2006 at Leprino Foods was related in any way to a defect in the Product and/or its component parts.

2. That the nature and extent of the physical injuries sustained by Plaintiff are as alleged by Plaintiff.

3. That the medical care and treatment provided to Plaintiff was reasonable and necessary.

4. That the medical special damages, claimed by Plaintiff, are as alleged by Plaintiff.

5. That the past wage loss, claimed by Plaintiff, is as alleged by Plaintiff.

6. That the future wage loss, claimed by Plaintiff, is as alleged by Plaintiff.

4

7. That the loss of future earning capacity, claimed by Plaintiff, is as alleged by Plaintiff.

8. That the Product, operated by Plaintiff's coworker at the time of the industrial accident, had a defect.

9. That any component parts of the Product, operated by Plaintiff's co-worker at the time of the accident, had a defect.

10. That any component part of the Product, operated by Plaintiff's co-worker at the time of the accident, failed.

11. That Plaintiff's co-worker, who was operating the Product at the time of the accident, was uninformed of known dangers associated with the operation of the Product.

12. That Plaintiff was uninformed of known dangers associated with the operation of the Product.

13. That Plaintiff was uninformed of known dangers associated with working in the vicinity of the Product.

14. That an act or omission on the part of The Raymond Corporation was a substantial factor in causing the harm sustained by Plaintiff.

15. That Defendant breached certain implied and express warranties, both written and oral, with respect to the Product.

16. That on September 18, 2006, Plaintiff's coworker was operating the Product in a manner intended by The Raymond Corporation.

17. That on September 18, 2006, Plaintiff's coworker, who was operating the Product at the time of the industrial accident, was not negligent.

18. That on September 18, 2006, Plaintiff was not negligent while working in the vicinity of the Product operated by his coworker.

19. That on September 18, 2006, Plaintiff did not violate California Code of Regulations §3650(t)(5).

20. That the negligence of Plaintiff's co-worker, who was operating the Product at the time of the accident, was not a substantial factor in causing the harm sustained by Plaintiff.

21. That the negligence of Plaintiff's employer, Leprino Foods, was not a substantial actor in causing the harm sustained by Plaintiff.

22. That the contributory negligence of Plaintiff was not a substantial factor in causing the harm sustained by Plaintiff.

23. That Plaintiff's violation of California Code of Regulations §3650(t)(5) on September 18, 2006 did not cause or contribute to the event that harmed him.

24. That any design and/or manufacturing defect existed in the Product's hand and foot controls, governing the movement and stopping of the Product.

25. That the Product's hand and foot controls or the component parts thereof were defective.

26. That the Product's hand and foot controls or the component parts thereof failed.

27. That a failure of the Product's hand and foot controls or the component parts thereof was a substantial factor in causing Plaintiff's harm.

**V.  Legal Issues**

*A.  Undisputed Legal Issues:*

1. The Federal Rules of Civil Procedure and the Federal Rules of Evidence apply to this case.

2. The venue of this action is proper.

3. This Court has original jurisdiction of this action under 28 U.S.C. §1332(a)(1) because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. The substantive law of the State of California applies to this case.

*B.  Disputed Legal Issues:*

At this point in the case, all legal issues raised by the pleadings are disputed by the

respective sides.

## VI. Consent to the Magistrate Judge

Pursuant to 28 U.S.C. § 636(c), the parties have not consented to conduct all further proceedings in this case, including trial, before the Honorable Gary S. Austin, U.S. Magistrate Judge.

## VII. Discovery Plan and Cut-Off Date

The parties are ordered to complete all initial disclosures pursuant to Fed. R. Civ. P. Rule 26(a)(1) no later than **February 27, 2009.** All discovery pertaining to non-experts must be completed on or before **October 30, 2009.**

Plaintiff is directed to disclose all expert witnesses, in writing, on or before **November 13, 2009.** Defendant is directed to disclose all expert witnesses, in writing, on or before **November 27, 2009**. The parties also shall disclose all supplemental experts on or before **December 18, 2009.** The written designation of experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.** Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The parties are directed to complete all expert discovery on or before **January 22, 2010.** The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

## VIII. Pre-Trial Motion Schedule

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no later than **February 12, 2010.** The Court will set a hearing date for such motions, if any. Non-dispositive motions are heard on Fridays at 9:30 a.m., before the Honorable Gary S. Austin, United States Magistrate Judge in Courtroom 10. **Counsel must comply with Local Rule 37-**

**251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-142(d). However, if a party does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel or pro se parties may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one party requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

All Dispositive Pre-Trial Motions shall be filed no later than **March 5, 2010** and heard in Courtroom 2 before the Honorable Anthony W. Ishii. In scheduling such motions, the parties shall comply with **Local Rules 78-230 and 56-260**.

### IX.   Pre-Trial Conference Date

The pre-trial conference will be held on **April 22, 2010, at 8:30** a.m. in Courtroom 2 before the Honorable Anthony W. Ishii.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 16-281(a)(2).** The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect X3[1] format, directly to Judge Austin's chambers by emailing it to awiorders@caed.uscourts.gov.

The parties' attention is directed to **Rules 16-281 and 16-282 of the Local Rules of Practice for the Eastern District of California**, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

///

---

[1] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

**X.     Trial Date**

The trial will be held on **June 8, 2010**, at **8:30 a.m.** in Courtroom 10 before the Honorable Anthony W. Ishii, Chief United States District Court Judge.

     A.     This is a jury trial.

     B.     Parties' Estimate of Trial Time: Two weeks.

The parties' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 16-285, for preparation of trial briefs.

**XI.     Settlement Conference**

The parties do not request a settlement conference at this time.  If the parties wish to have a settlement conference in the future they can contact the court via Carrie Esteves, Courtroom Deputy at 559-499-5962 to arrange a mutually agreeable time.  In the event that a settlement conference is scheduled, unless otherwise permitted in advance by the Court, **the attorneys who will try the case** shall appear at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[2] at the conference.

CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five (5) court days prior to the Settlement Conference the parties shall submit, directly to Magistrate Judge Austin's chambers by email to gsaorders@caed.uscourts.gov, a Confidential Settlement Conference Statement.  The statement **should not be filed** with the Clerk of the Court **nor served on any other party**, although the parties may file a Notice of Lodging of Settlement Conference Statement.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  The parties are urged

---

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible, the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

9

to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

The Confidential Settlement Conference Statement shall include the following:

    A.  A brief statement of the facts of the case.

    B.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    C.  A summary of the proceedings to date.

    D.  An estimate of the cost and time to be expended for further discovery, pretrial and trial.

    E.  The relief sought.

    F.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

Should the parties desire an additional settlement conference, they will jointly request one of the court, and one will be arranged. In making such request, the parties are directed to notify the court as to whether or not they desire the undersigned to conduct the settlement conference or to arrange for one before another judicial officer.

**XII.   Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

The parties have not requested bifurcation.

**XIII.   Related Matters Pending**

The parties have not identified any related matters.

**XIV.   Compliance with Federal Procedure**

The parties are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast

of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

### XV.    Effect of this Order

The foregoing order represents the best estimate of the Court and the parties as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **January 20, 2009**              /s/ **Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE