Michael F. Ball, # 116328
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA 93720-1501
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

Attorneys for Defendant
THE RAYMOND CORPORATION

(SPACE BELOW FOR FILING STAMP ONLY)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT

| | |
|---|---|
| URBANO SERQUINA,<br><br>Plaintiff,<br><br>v.<br><br>THE RAYMOND CORPORATION, and DOES 1 through 20,<br><br>Defendants. | Case No. 1:08-CV-01741-AWI-GSA<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**Action Filed: September 5, 2008**<br><br>**Trial Date: June 8, 2010** |

This Stipulated Protective Order is entered into by and between Plaintiff URBANO SERQUINA and Defendant THE RAYMOND CORPORATION and is made in reference to the following facts:

A. The Parties possess trade secret, proprietary, or other confidential information that they desire to keep confidential, which has been or may be obtained through discovery in this case.

B. The Parties desire to stipulate to a protective order sanctioned by the Court to protect such trade secret, proprietary information, or other confidential information from unnecessary disclosure to non-parties in that said information, if made public, could put a party at an economic disadvantage in the marketplace.

ACCORDINGLY, the Parties hereto, by and through their respective attorneys of record, STIPULATE AND AGREE to the following protective order:

///

73527/00000-1372210.v1

STIPULATED PROTECTIVE ORDER 1:08-CV-01741-AWI-GSA

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

**I.    DISCOVERY PHASE**

A.    If a party or an attorney for a party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party or attorney shall mark each documents or other materials as "**CONFIDENTIAL**."

B.    If a party or an attorney for a party disputes whether a document or other material should be marked "**CONFIDENTIAL**," the parties and/or attorneys shall attempt to resolve the dispute between themselves.

C.    No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

D.    Any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, at any discovery deposition taken in this action.

E.    If a party or attorney wishes to disclose any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

1. Provide a copy of this Protective Order to the person to whom disclosure is made;
2. Inform the person to whom disclosure is made that s/he is bound by this Protective Order;
3. Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;

4. Instruct the person to whom disclosure is made to return any document or other material which is marked "**CONFIDENTIAL**," at the conclusion of the case, including notes or memorandum made from "**CONFIDENTIAL**" material;
5. Maintain a list of persons to whom disclosure was made and the "**CONFIDENTIAL**" materials which were disclosed to that person; and
6. At the conclusion of the action, gather the "**CONFIDENTIAL**" materials, copies thereof, and related notes and memoranda, and return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order.

## II. POST-DISCOVERY PHASE

If any party or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "**CONFIDENTIAL**," document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "**CONFIDENTIAL**," marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record.

**IT IS SO STIPULATED:**

Dated: April 10, 2009                  McCORMICK, BARSTOW, SHEPPARD WAYTE & CARRUTH LLP

By:/S/ *Michael F. Ball*_____
Michael F. Ball
Adam D. Wahlquist
Attorneys for Defendant
THE RAYMOND CORPORATION

///
///
///
///

73527/00000-1372210.v1

3

STIPULATED PROTECTIVE ORDER 1:08-CV-01741-AWI-GSA

| | |
|---|---|
| Dated: April 10, 2009 | LAW OFFICES OF EDWARD B. CHATOIAN |
| | By: /s/ *Edward B. Chatoian*<br>Edward B. Chatoian (as authorized on 04/10/09)<br>Attorneys for Plaintiff<br>URBANO SERQUINA |

# **ORDER**

GOOD CAUSE HAVING BEEN SHOWN AND THE PARTIES HAVING STIPULATED TO THE SAME, the Court finds that the above-stated **STIPULATED PROTECTIVE ORDER** is sanctioned by the Court and shall be and now is the Order of the Court. All Parties in this action shall abide by the terms of this **STIPULATED PROTECTIVE ORDER** as to the disclosure of any all documents and information designated "Confidential" that are produced in connection with any discovery undertaken in this case.

Any party intending to utilize any confidential third party information designated as confidential in a law and motion matter or at trial should lodge the document under seal pursuant to Local Rules 39-140 and 39-141 so as to preserve its confidentiality pending the Court's determination regarding whether a privilege exists that precludes the use of the document or other information as evidence or determining what safeguards should be utilized if the confidential information is to be considered as evidence.

**IT IS SO ORDERED**

Dated: April 14, 2009

/s/ Gary S. Austin
The Honorable Gary S. Austin
UNITED STATES MAGISTRATE JUDGE

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501